# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRYANT CASH ANDREWS, | ) | |
| | ) | |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:09CV960 |
| | ) | 1:07CR232-1 |
| Respondent. | ) | |

Petitioner Bryant Cash Andrews, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 26),[1] along with a supporting brief (docket no. 27). Petitioner was indicted on one count of attempted taking of indecent liberties with a child by using a facility of interstate commerce in violation of 18 U.S.C. § 2422(b), one count of mailing, transporting and shipping child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1), one count of attempted transfer of obscene materials to an individual who had not attained the age of sixteen in violation of 18 U.S.C. § 1470, and one count of possession of child pornography in interstate and foreign commerce in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (docket no. 1). Petitioner later pled guilty to the first and fourth charges, which were consolidated for judgment (docket no. 9, 10). Petitioner was sentenced to 165-months imprisonment (docket no. 24). Petitioner decided not to pursue a direct appeal

---

[1] This and all further cites to the record are to the criminal case.

(docket no. 25), and instead filed his motion under Section 2255. Respondent has filed a response seeking to have the motion denied (docket no. 37). Despite having been advised of his right to file a reply (docket no. 38), Petitioner has not done so.

## PETITIONER'S CLAIMS

Petitioner raises only a single claim of ineffective assistance of counsel in his motion; however, in his brief, he describes multiple bases for this claim. Petitioner claims that his attorney incorrectly advised him that his sentencing range under the United States Sentencing Guidelines would not exceed twelve years and that Petitioner would actually serve only eight or nine years with good behavior reductions. Petitioner adds that his attorney never advised him that he could receive up to ten years of supervised release in addition to his prison sentence. Petitioner also complains that counsel advised him to stop a psychosexual examination that had been ordered by the judge who presided over his guilty plea. He states that this caused his sentencing to be delayed for nearly a year, during which he was confined in the county jail system.

## DISCUSSION

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125,

1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).  A petitioner bears the burden of affirmatively showing deficient performance.  *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994).  To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial.  *Hill v. Lockhart*, 474 U.S. 52 (1985).  The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances."  *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)(citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)).  This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty."  *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner's first, and primary, allegation of ineffective assistance of counsel is that his attorney incorrectly advised him prior to his pleading guilty that he faced no more than a 12-year sentence under the Guidelines.  Petitioner states that the length of his sentence was very important to him because he was, and is, in poor health.  Petitioner believed that he would not survive a sentence longer than twelve years and states that he would have gone to trial rather than plead guilty facing the likelihood of a longer sentence.

Respondent has provided an affidavit from Petitioner's former attorney in which he agrees with most of Petitioner's factual allegations (docket no. 37, ex. a). He admits that he estimated Petitioner's Guidelines sentencing range to be 120 to 135 months and that Petitioner told him at their first meeting that it was important to him not to receive a prison sentence longer than ten years. He notes that he did tell Petitioner that he could not guarantee his estimate and could not promise that the sentencing judge would sentence Petitioner within the estimated Guidelines range. After the Presentence Report was provided containing a Guidelines range of 210 to 262 months, counsel argued at sentencing that Petitioner's sentence should be 120 months despite the much higher Guidelines range. In the end, Petitioner received a sentence of 165 months. While higher than the range estimated by counsel, the sentence was considerably lower than the 210 to 262 months called for under the advisory Guidelines.

Despite the unfortunately low estimate of the applicable Guidelines range by counsel, Petitioner still cannot prevail because he cannot show that, absent the low estimate, he would not have proceeded to trial. This means that he cannot demonstrate prejudice. Petitioner's plea agreement warned that he faced a statutory sentencing range of ten years to life and that sentencing in that range would be in the court's discretion. (docket no. 9, ¶ 2(a), (e)). At his change of plea hearing, he was told by the presiding judge that he faced a sentence of between ten years and life in prison, that a Guidelines range would be determined, and that no one could

know at that time what the advisory range would be (docket no. 33 at 5-6, 9-10). Petitioner still chose to plead guilty.

More important, Petitioner has not explained why a reasonable defendant would have gone to trial if he had known that his sentence would be 165 months. It is true that Petitioner had health problems and concerns that he would not survive a long sentence; however, he does not explain how going to trial would have helped matters. His eventual sentence was only 21 months longer than the twelve-year sentence he says that his counsel erroneously estimated. On the other hand, had Petitioner gone to trial and lost, his advisory Guidelines range would have increased at least three levels because Petitioner would not have been credited with acceptance of responsibility. This would have produced an advisory range of 292 to 365 months. It is also difficult to know whether the sentencing judge would have still given Petitioner a substantial downward variance as he did following the guilty plea. In short, although Petitioner's 165-month sentence is 21 months longer than the sentence he agrees he was willing to accept, a loss at trial would have likely been a disaster. Only a win would have helped him.

Petitioner has not set out any plan for winning at trial or explained what his defense strategy would have been. Not only this, but the record before the court reveals that there was strong evidence against Petitioner. A police detective in Colorado came into contact with Petitioner via the internet. The contact lasted several weeks. The detective was posing as a 12-year old girl. Petitioner sent the

person he believed to be a girl sexually explicit videos, including child pornography, had sexually explicit conversations with the person, and encouraged the person to masturbate while they chatted (docket no. 10). This led to a search of Petitioner's residence and computer, where agents discovered about sixty child pornography videos (*id.*). Petitioner also made incriminating statements in a non-custodial interview (*id.*). Petitioner provides no explanation of how he hoped to counter this evidence at trial. It is clear that going to trial would almost certainly have made Petitioner's situation worse, not better. Therefore, he cannot show that he would not have pled guilty if counsel had correctly estimated that his eventual sentence would be 165 months and cannot show the prejudice necessary to establish his first ineffective assistance of counsel claim. That claim should be denied.

Petitioner's next allegation is that counsel did not advise him that he could receive ten years of supervised release following his sentence. Counsel disagrees with this allegation (docket no. 37, ex. a). Nevertheless, even if the allegation is accepted as true, Petitioner cannot prevail. He does not explain why the length of his supervised release would have affected his decision to plead guilty and no reason is apparent. Further, he was advised in his plea agreement and during his plea colloquy that he faced a period of supervised release of up to life. He obviously knew about the possibility of a long term of supervised release at the time he entered his guilty plea, but chose to enter it anyway. He cannot establish the necessary prejudice and this claim should also be denied.

Finally, Petitioner faults counsel for advising him to stop the psychosexual evaluation. Again, he fails to demonstrate any prejudice. After further consultation with counsel, Petitioner did choose to undergo the examination and it was performed (*id.*). Petitioner points to nothing showing that his eventual sentence was affected by the initial stoppage. Rather, he states only that the delay caused him to spend extra time in county jails. Petitioner does not claim that this time was not credited toward his sentence or explain how this harmed him.[2] His final ineffective assistance of counsel claim should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 26) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
August 16, 2010

---

[2] Petitioner may be claiming that county jails are less comfortable than the federal prison where he was sent after sentencing or that his fragile health was harmed in some way by the stay in the county jails. If so, such claims would be beyond the scope of a Section 2255 motion because his conviction and sentence would not be affected.